IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**BILLY MACK NICHOLS, JR.**                                                     **PLAINTIFF**
**ADC #092713**

v.                           **No. 2:18-cv-00119 JM-PSH**

**ARKANSAS DEPARTMENT**
**OF CORRECTION,** *et al.*                                         **DEFENDANTS**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Billy Mack Nichols, Jr., an inmate at the East Arkansas Regional Maximum Security Unit of the Arkansas Department of Correction ("ADC"), initiated this lawsuit by filing a *pro se* complaint and an application to proceed *in forma pauperis* ("IFP") on August 16, 2018. Nichols alleges that defendants have been and are deliberately indifferent to his serious medical needs by denying him podiatrist prescribed footwear. Doc. No. 2.

Nichols is a three-striker within the meaning of the Prison Litigation Reform Act ("PLRA") and is therefore not able to proceed IFP in federal court unless he was in imminent danger of

serious physical injury when he filed his complaint. 28 U.S.C. § 1915(g). Under the three-strikes provision of the PLRA, the Court must dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).

Nichols has at least six strikes. Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Nichols has strikes in the following cases: *Nichols v. Harrelson, et al.,* 4:99-cv-00388-SWW; *Nichols v. Harrelson, et al.*, 4:00-cv-00106-JMM; *Nichols v. Sallings, et al.,* 4:99-cv-00785-HW; *Nichols v. Simpson, et al.*, 4:99-cv-00743-GTE; *Nichols v. Harmon, et al.,* No. 5:02-cv-00179-SWW; and *Nichols v. Evans et al.*, No. 5:03-cv-00124-BRW. Nichols does not dispute he has more than three strikes but argues that he is under imminent danger of serious physical injury due to nerve pain in his feet and inability to walk without limping.[1]

---

[1] Nichols has been denied IFP status on numerous occasions with findings that he did not meet the imminent danger exception. *See, e.g., Nichols v. Yang, et al.,* No. 2:16-cv-00110-DPM at Doc. No. 3; *Nichols v. Drummond*, 2:16-cv-00091-DPM at Doc. No. 15; *Nichols v. Jones, et al.,* No. 5:16-cv-00028-DPM at Doc. Nos. 14, 19; *Nichols v. Sanders, et al.*, No. 5:15-cv-00260-JLH at Doc. Nos. 15, 19; *Nichols v. Blair, et al.,* No. 5:15-cv-00249-KGB at Doc. Nos. 6, 18; *Nichols v. Norris, et al.,* No. 5:03-cv-00184-SWW at Doc. No. 4; *Nichols v. Arnold, et al.*, No. 5:03-cv-00070-GH at Doc. No. 3; *Nichols v. Smiley, et al.*, 5:02-cv-00135-SMR at Doc. Nos. 3, 5; *Nichols v. Rolfe, et al.,* No. 4:02-cv-00135-GTE at Doc. No. 5; *Nichols v. Rolfe, et al.,* No. 4:02-cv-00021-SWW at Doc. No. 3; *Nichols v. Norris, et al.*, No. 5:00-cv-00290-SMR at Doc. No. 4; and *Nichols v. Sallings, et al.*, No. 4:00-cv-00303-GTE at Doc. No. 4. *See also Nichols v. Peppers-Davis*, No. 5:14-cv-00448-BSM at Doc. No. 21 (IFP status revoked). Nichols was allowed to proceed under the imminent danger exception in two cases: *Nichols v. Peppers-Davis, et al.*, No. 5:14-cv-00157-KGB, and *Nichols v. Starks-Tyler, et al.*, 5:15-cv-00003-BRW.

As a three-striker, Nichols must show that he was in imminent danger of serious physical injury at the time he filed the complaint (*i.e.*, August 2018). 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) (holding that the imminent danger exception did not apply when a prisoner was forced to work outside in extreme weather conditions that did not result in any serious physical injuries). *See also Ashley*, 147 F.3d at 717 (holding that the imminent danger exception applied when prison officials continued to place a prisoner near his enemies who had previously stabbed him); *McAlphin v. Toney,* 281 F.3d 709, 710-11 (8th Cir. 2002) (holding that the imminent danger exception applied where inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions).

Nichols asserts that because his medical shoes are not "fit to be worn," he is suffering "nerve pain and numbness in the bottom of his feet" and "cannot walk without limping." Doc. No. 2 at 4. Nichols has filed several lawsuits making similar allegations. Most recently, the Court revoked his *in forma pauperis* status in *Nichols v. Peppers-Davis, et al.*, No. 5:17-cv-00034-KGB, Doc. Nos. 42 & 68. There, the Court found the following allegations insufficient to show that Nichols was in imminent danger of serious physical injury at the time he filed that lawsuit:

> Mr. Nichols asserts that he cannot walk "more than 7 to 10 steps" without suffering discoloration of his feet (Dkt. No. 8, at 1). He claims that "long distance walking" causes him "serious physical injury." (*Id.*). He claims that, because he was given the wrong size shoes, he cannot walk without severe pain (Dkt. No. 9, at 2).

*Nichols v. Peppers-Davis, et al.*, No. 5:17-cv-00034-KGB, Doc. No. 68 at 2. Nichols also brought the same claim in *Nichols v. Peppers-Davis, et al.*, No. 5:14-cv-00157-KGB, and *Nichols v.*

3

*Peppers-Davis*, No. 5:14-cv-00448-BSM, lawsuits that were dismissed without prejudice. In the latter case, the Court revoked Nichols' IFP status and dismissed the case after the Court determined Nichols was not in imminent danger despite his allegation that his feet may have to be "amputated and/or permanently destroyed." *Nichols v. Peppers-Davis*, No. 5:14-cv-00448-BSM, Doc. No. 129 at 10-11.

The Court finds that Nichols' allegations that he is in pain and cannot walk very far does not demonstrate that he was in imminent danger of serious physical injury when he commenced this action. He has not described facts to support his allegation that his feet are in danger of serious injury because his shoes are worn out.[2] Because Nichols has not alleged sufficient facts to show that he is in imminent danger of serious physical injury, his motion to proceed *in forma pauperis* should be denied and his complaint dismissed.

IT IS THEREFORE RECOMMENDED THAT:

1. Nichols' motion for leave to proceed *in forma pauperis* (Doc. No. 1) be denied, and this case be dismissed without prejudice.

2. Nichols be given thirty days to reopen the case by paying the $400 filing fee in full and filing a Motion to Reopen.

---

[2] The Court notes the mere disagreement with one's medical treatment is generally insufficient to state a constitutional claim. *See, e.g., Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015) (holding that an inmate's disagreement with "diagnosis and treatment decisions is not actionable under § 1983); *Rowe v. Norris*, 198 Fed. Appx. 579, 580-81 (8th Cir. 2006) (no constitutional violation occurred where plaintiff disagreed with the treatment he received); *Bender v. Regier*, 385 F.3d 1133, 1337 (8th Cir. 2004) (holding that negligence in diagnosis or treatment of medical condition is not sufficient to establish a constitutional violation); *Prater v. Dep't of Corr.*, 11 Fed. Appx. 668, 669 (8th Cir. 2001) (holding that plaintiff failed to establish deliberate indifference where plaintiff did not allege he was "denied, delayed or refused" treatment, only that specific treatment was not provided); *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (mere disagreement with the course of medical treatment is insufficient to state Eighth Amendment claim).

Dated this 28th day of August, 2018.

                                                                  _____
UNITED STATES MAGISTRATE JUDGE